NR:RCH/EMR
F. #2019R00107

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MARINA GOLFO,

          Defendant.

- - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 19-95
(T. 18, U.S.C., §§ 666(a)(1)(A), 981(a)(1)(C), 982(a)(7), 982(b)(1), 1347(a) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

MATSUMOTO, J.

POLLAK, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The New York City Department of Health and Mental Hygiene

      1.    The New York City Department of Health and Mental Hygiene (the "NYC DOHMH") was a government agency responsible for administering policies and programs related to public health issues in New York City.

      2.    In or about and between 2015 and 2018, the NYC DOHMH received in excess of $10,000 in each calendar year under one or more federal programs and other forms of federal assistance.

II.    The Medicaid Program

      3.    The Medicaid Program ("Medicaid") in New York State was a federally and state funded health care program providing benefits to individuals and families

who met specified financial and other eligibility requirements, and to certain other individuals who lacked adequate resources to pay for medical care. The Centers for Medicare and Medicaid Services, a federal agency under the United States Department of Health and Human Services, was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid were referred to as "beneficiaries."

        4.      Medicaid was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

III.     <u>The New York State Early Intervention Program</u>

        5.      The New York State Early Intervention Program (the "EIP") was a New York State program that provided remedial services to developmentally delayed children from birth to age three. Such services included physical therapy, occupational therapy, speech therapy, special instruction and social work services. These services were provided by individual therapists who were either subcontractors or employees of agencies ("EIP agencies") that held contracts with the New York State Department of Health (the "NYS DOH"). The NYC DOHMH administered the EIP in New York City and conducted audit, quality assurance and compliance oversight of the EIP, under the ultimate oversight of the NYS DOH.

        6.      In order to receive payment for an EIP therapy session, a therapist was required to provide a written report, known as "session notes," to document his or her session with a child. Session notes included the date, time and place of a session, as well as

information about the therapy given and the child's progress in response to the therapy. Session notes were required to be signed by the therapist and the parent or guardian of the child immediately after the EIP therapy session ended.

7. EIP therapists based in New York City were paid for their services through EIP agencies, which were, in turn, reimbursed by private insurance, Medicaid or the NYC DOHMH through an escrow account managed by New York State.

IV. The Defendant

8. The defendant MARINA GOLFO was a subcontractor or employee of one or more EIP agencies and acted as an EIP therapist providing remedial services to developmentally delayed children from birth to age three.

V. The Fraudulent Scheme

9. In or about and between April 2015 and September 2018, the defendant MARINA GOLFO defrauded Medicaid and the NYC DOHMH by falsely reporting that she had administered EIP therapy sessions when she had not. In furtherance of the scheme, GOLFO submitted fraudulent session notes and accompanying invoices for more than 1,500 non-existent EIP therapy sessions, resulting in the improper disbursement of more than $10,000 in Medicaid funds and more than $146,000 in NYC DOHMH funds.

COUNT ONE
(Theft of Funds)

10. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between April 2015 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARINA GOLFO, while an agent of an agency of a local government, to wit: the NYC DOHMH, did knowingly and intentionally embezzle, steal, obtain by fraud, misapply and otherwise without authority convert to the use of a person other than the rightful owner property of the NYC DOHMH, which received, in one or more one year periods, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance, which property was valued at $5,000 or more, and was owned by, and was under the care, custody and control of, the NYC DOHMH, to wit: payments for therapy sessions under the EIP.

(Title 18, United States Code, Sections 666(a)(1)(A) and 3551 et seq.)

## COUNT TWO
(Health Care Fraud)

12. The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between April 2015 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARINA GOLFO did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care program, to wit: Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and

property owned by, and under the custody and control of, Medicaid, in connection with the delivery of and payment for health care benefits, items and services.

(Title 18, United States Code, Sections 1347(a) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

14. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

16. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. #2017R01784
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*MARINA GOLFO,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 666(a)(1)(A), 981(a)(1)(C), 982(a)(7), 982(b)(1), 1347 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail, $* _____

*Ryan C. Harris, Assistant U.S. Attorney, (718) 254-7000*
*Erin Reid, Assistant U.S. Attorney, (718) 254-7000*