

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH:MRG/RMP  *271 Cadman Plaza East*
F. #2017R01784  *Brooklyn, New York 11201*

February 14, 2020

<u>By ECF</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Marina Golfo
      <u>Criminal Docket No. 19-95 (KAM)</u>

Dear Judge Matsumoto:

  The government respectfully submits this letter in support of its motions <u>in limine</u> filed January 24, 2020, and in reply to the defendant's opposition filed on February 14, 2020. For the reasons set forth below and in the government's previously filed motion and opposition to defendant's motion, the defendant should be precluded from arguing, eliciting on cross-examination or offering evidence at the trial: (i) that some therapy sessions provided by the defendant through the New York State Early Intervention Program (the "EIP") and related billings were non-fraudulent; or (ii) that the sources of improper payments received by the defendant, namely, Medicaid, the New York City Department of Health and Mental Hygiene ("NYC DOHMH") and private insurance carriers, should not have paid for therapy sessions they did not believe were legitimate or properly billed or that, by paying claims submitted by the defendant, the victims led the defendant to believe her fraudulent practices were justified.[1]

---

[1] In her opposition brief filed on February 14, 2020, the defendant did not address preclusion of the first category of evidence — legitimate billings on occasions unrelated to the charged conduct. As such, the government does not repeat the arguments set forth in its prior filings on this issue, <u>see</u> Docket Entry 92 ("Gov. Mot.") and Docket Entry 95 ("Gov. Opp."), and simply incorporates those arguments herein by reference. As set forth in those filings, the Court should preclude the defendant from offering evidence of non-fraudulent invoices for certain therapy sessions at trial. <u>See also</u>, <u>United States v. Nekritin</u>, No. 10-CR-

In her opposition, the defendant states that she does not plan to offer a "blame the victim defense," and then goes on for the remainder of the letter explaining that she aims to prove at trial why the victim's actions "negate[] her fraudulent intent." See Docket Entry 95 ("Def. Opp."). This defense, and any evidence which purportedly underlies it, is impermissible for the reasons set forth in the government's motion. See Gov. Mot. 3-4. The defendant cites no case law in support of her position that such evidence is admissible, and she fails to distinguish the cases cited by the government.

More specifically, the defendant states that her "anticipated defense is the fact that Ms. Golfo relied on, in filling out documents, information and instruction from the agencies that performed the billing. That reliance combined with the fact that Ms. Golfo was paid for the sessions led her to believe that her practices were acceptable." Def. Opp. 2. This is a paradigmatic attempt to cast aspersions of negligence on the victim of a charged fraud scheme, which is at odds with the longstanding principle in this Circuit that such information is irrelevant. See United States v. Thomas, 377 F.3d 232, 242-43 (2d Cir. 2004) (collecting cases). The indictment alleges that the defendant submitted false invoices to fraudulently inflate the fees she would earn from her purported work for the EIP. Whether the agencies that performed the billing conducted appropriate levels of due diligence or otherwise failed to uncover the fraud is "wholly irrelevant to these charges, and is merely a facile attempt to blame the victim-which is an impermissible strategy in a fraud case." United States v. Carton, No. 17 CR 680 (CM), 2018 WL 5818107, at *4 (S.D.N.Y. Oct. 19, 2018) (citing cases); see also, United States v. Amico, 486 F.3d 764, 780 (2d Cir. 2007) (holding that the victim's gullibility is not a defense to fraudulent conduct).

In any event, the defendant cannot reasonably suggest that the EIP provided instructions to the defendant that permitted defrauding the program itself. And even if there were a lack of clarity in the EIP's billing guidance (there is not), "any evidence that a fraud victim was negligent or gullible is not relevant to the defendant's guilt or innocence for the charged fraud." Nekritin, 2011 WL at *7 (citing cases). The defendant should not be permitted to argue otherwise.

---

491 S-2 KAM, 2011 WL 2462744, at *6 (E.D.N.Y. June 17, 2011) ("[E]vidence of other legitimate billings is neither relevant nor admissible.")

Conclusion

For the reasons stated above and those in the government's motion in limine filed January 24, 2020, and in the government's opposition to the defendant's motion filed on February 7, 2020, the Court should grant the government's motion in limine.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
        Matthew R. Galeotti
        Robert M. Pollack
        Assistant U.S. Attorneys
        (718) 254-6340 / 6232

cc:    Clerk of the Court (KAM) (via ECF)
       Counsel of Record (via ECF)