# SAPONE & PETRILLO, LLP

William S. Petrillo, Esq., Partner  
Edward V. Sapone, Esq., Partner

Chase S. Ruddy, Esq., Senior Associate  
Michael Vitaliano, Esq., Associate

MANHATTAN  
1 Penn Plaza, Suite 5315  
New York, New York 10119  
Telephone: (212) 349-9000  
Facsimile: (212) 349-9003  
E-mail: ed@saponepetrillo.com

LONG ISLAND  
1103 Stewart Avenue, Suite 200  
Garden City, New York 11530  
Telephone: (516) 678-2800  
Facsimile: (516) 977-1977  
E-mail: william@saponepetrillo.com

May 22, 2020

Hon. Kiyo A. Matsumoto  
United States District Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      Re: *United States v. Golfo*  
         <u>Dkt. No.: 19-CR-095 (KAM)</u>

Dear Judge Matsumoto:

  I am retained counsel to Defendant Marina Golfo in the above-referenced case. I write in response to the Court's May 15, 2020 Memorandum and Order and to supplement Ms. Golfo's previously filed motions *in limine* and responses to the government's motions *in limine*.

  Ms. Golfo should be permitted to defend herself by presenting evidence at trial including testimonial and documentary evidence that would demonstrate that the early intervention agencies ("EIP agencies") for which she worked, and through which she provided EIP services to children, instructed her or otherwise led her to believe that she should complete and submit her paperwork in a certain form. This evidence is relevant and probative to defend against the government's claim that the paperwork is evidence of her intent to defraud the victims in this case. This evidence is distinguishable from that in the line of cases cited in the government's motions *in limine*, and referred to in the Court's memorandum and order, which sought to demonstrate that the victims were negligent in failing to uncover the fraud and lulled the defendant into the alleged misconduct by paying for fraudulent claims.

  Ms. Golfo does not intend to introduce evidence of any communications she had with, or instructions she received from, Medicaid, NYC DOHMH or private insurers. Ms. Golfo was employed by, or contracted with, the EIP agencies, which were the entities that paid Ms. Golfo for the therapy sessions she performed. In many, if not all cases, Ms. Golfo did not know what the source of payment to the EIP agencies was.

1

To be paid by the EIP agencies for the sessions Ms. Golfo performed, she was required to submit "session notes," documenting in half-hour or hour-long increments the therapy sessions she performed with each child. The session notes were pre-printed forms, which required the therapist to fill-in certain information, including, but not limited to, the date, time, and place of a session, and information about the therapy given and the child's progress in response to the therapy. Ms. Golfo and the child's parent or guardian were required to sign the session notes.

At issue in this case are certain session notes that the government argues are proof of Ms. Golfo's intent to defraud, and for which the EIP agencies received reimbursement from Medicaid, NYC DOHMH or private insurers. The government argues that Ms. Golfo was paid for some 1,500 therapy sessions which were never performed. Ms. Golfo intends to argue at trial that she in fact performed all of those therapy sessions, but that the information on the session notes does not always correspond accurately with where and when those sessions were performed. The Court describes this defense in its memorandum and order as Ms. Golfo's "recordkeeping" argument.

In support of this defense, Ms. Golfo should be permitted to introduce evidence of her communications with the EIP agencies and the direction she received from those agencies, her employers, about how to fill out the session notes and what information to add to the forms that are the foundation of the government's theory of fraud.

The EIP Agencies employed "billing" personnel, case managers, or ABA supervisors who were responsible for reviewing Ms. Golfo's session notes and processing them for payment. Ms. Golfo communicated frequently with those billing professionals about her session notes, by telephone and email, and in person at the EIP agency offices. They provided feedback to Ms. Golfo of changes that needed to be made to session notes or guidance about how future session notes should be completed. For example, Ms. Golfo was directed to maintain consistency in the content of the session notes, and to maintain consistency in the time and location of the sessions performed, despite the fact that she often responded flexibly to the needs of the child or the child's family regarding when and where the sessions were to be performed, and the therapy that was performed during the sessions. What was imparted to Ms. Golfo by these professionals was the importance of performing the requisite hours in a manner consistent with the best interests of the child, and that the information on the paperwork be consistent from week to week.

Ms. Golfo relied in good faith on the instructions she received from the EIP agencies and industry professionals regarding how she filled in the session notes. Her focus was on performing the requisite number of hours of therapy for each child in a manner that improved the life of the child. Her good faith adherence to those instructions and, more generally, how the agencies and other professionals wanted her to complete and submit the paperwork, resulted in the documents the government now argues prove a scheme to defraud.

For Ms. Golfo to adequately defend herself at trial, she must be able to introduce evidence of the instructions she received from the agencies and others in the field. To that end, Ms. Golfo anticipates introducing at trial witness testimony from EIP agency employees and documentary evidence, including email communications, that demonstrate the instruction she received from the agencies on how to fill out the session notes. Ms. Golfo also anticipates introducing witness testimony from other therapists who would testify that it was common practice for the agencies to

instruct providers on how to fill out sessions notes and that they were aware that Ms. Golfo was instructed to fill her session notes the way the agencies instructed.

The evidence Ms. Golfo seeks to introduce is different than that supporting the kind of "blame the victim" defense addressed by the government's motions *in limine* and the Court's order. Ms. Golfo has no intention of arguing that any of the payors in this case, whether they be government programs or private insurers, acted negligently by paying for the sessions she performed.

We ask the Court to allow Ms. Golfo to exercise her right under the compulsory process clause to present evidence that may reasonably be deemed to establish the existence of relevant facts in her favor. *See* Fed. R. Evid. 401. The test of relevance is a flexible one, requiring only that the proffered evidence make the existence of a fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401; *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982). We also believe that this evidence does not offend Rule 403 or any other rule of evidence that would prohibit its introduction at trial.

Evidence demonstrating that Ms. Golfo relied on instructions from the agencies and other industry professionals may create a reasonable doubt as to whether or not she formed the requisite intent to defraud. If the jury finds that Ms. Golfo acted in good faith, then she can be acquitted of the charges against her.

For these reasons, Ms. Golfo respectfully requests that the Court permit her to introduce this evidence.

                                                Respectfully submitted,

                                                */s/ Edward V. Sapone*
                                                Edward V. Sapone
                                                Sapone & Petrillo, LLP
                                                *Counsel to Defendant*
                                                *Marina Golfo*

cc:    Ryan Harris, Esq.
         Robert Pollack, Esq.
         Matthew Galeotti, Esq.