```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                                        MEMORANDUM AND ORDER
           -against-                    19-CR-95-3 (KAM)


MARINA GOLFO,

                Defendant.
----------------------------------X
```
KIYO A. MATSUMOTO, United States District Judge:

On May 6, 2022, after numerous adjournment requests by Defendant, Marina Golfo, the court sentenced Defendant to three months of incarceration for committing health care fraud in violation of 18 U.S.C. § 1347(a), a sentence far below the applicable Guidelines range of 33 to 41 months. (ECF No. 140.) In consideration of Ms. Golfo's personal circumstances and after consulting Defendant, the court provided a surrender date of July 6, 2022. (ECF No. 148-1 ("Sentencing Tr.") at 46.) On July 3, 2022, the court granted Defendant's motion to postpone her surrender date from July 6, 2022 until September 1, 2022, which Defendant requested based on her health issues and the health issues of her elderly parents. (7/3/22 Minute Order.)

Defendant surrendered on September 1, 2022, and now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 146 ("Def.'s Mot.").) Because Defendant has failed to satisfy each of the three requirements for

1

compassionate release, *see United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam), the motion is respectfully DENIED.

## DISCUSSION

First, Defendant did not exhaust her administrative remedies. A defendant generally must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait until 30 days after "the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed the instant motion on September 20, 2022, less than thirty days after Defendant submitted a request to the Warden on September 6, 2022. (Def.'s Mot. at 1-2.) Although the statute's exhaustion requirement is not jurisdictional, *see United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam), the Government has properly invoked Defendant's failure to exhaust in its opposition. (ECF No. 148 ("Gov't's Opp'n") at 5-6.) "[W]hen the Government 'properly invokes an inmate's failure to comply with § 3582(c)(1)(A)'s mandatory exhaustion requirement, the district court has no discretion to excuse that failure regardless of any equitable considerations.'" *United States v. Villanueva*, 2021 WL 5235047, at *1 (S.D.N.Y. Nov. 10, 2021) (quoting *Saladino*, 7 F.4th at 126 (Menashi, J., concurring)); *see also, e.g., United States v. Roberts*, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020)

("[S]tatutory exhaustion requirements, such as those set forth in Section 3582(c), must be strictly enforced." (quotations and citation omitted)). Accordingly, Defendant's failure to exhaust alone warrants the denial of the motion.

Second, Defendant has failed to carry her burden of demonstrating that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The First Step Act of 2018 "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Nonetheless, "[t]he 'mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.'" *United States v. Robinson*, 2022 WL 2204126, at *2 (2d Cir. June 21, 2022) (summary order) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *see also, e.g.*, *United States v. Lino*, 2021 WL 5759699, at *2 (E.D.N.Y. Dec. 3, 2021) ("[T]he risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." (citation omitted)).

Here, Defendant argues that her health conditions – including shingles, asthma, and sinusitis – increase her risk from infection with COVID-19 and therefore present an extraordinary and compelling reason for compassionate release. (Def.'s Mot. at 4.) Defendant has not cited any case, however, in which a court concluded that these health conditions placed an inmate at a sufficiently high risk of serious illness or death from COVID-19 to qualify as an extraordinary and compelling reason for compassionate release. *See also, e.g.*, *United States v. Serrano*, 2022 WL 1443688, at *14 (S.D.N.Y. May 6, 2022) ("[T]he danger that [the defendant] faces from infection with COVID-19, even accounting for his asthma, does not amount to extraordinary and compelling reasons for granting compassionate release."); *United States v. Hamlett*, 2021 WL 406440, at *8 (D. Conn. Feb. 5, 2021) ("Several courts have concluded that various conditions related to the respiratory system such as chronic sinusitis do not constitute extraordinary or compelling reasons warranting release." (quotations and citation omitted)); *United States v. Erickson*, 2020 WL 4732125, at *4 (D. Utah Aug. 14, 2020) ("Shingles is not among the conditions cited by the CDC as involving some increased risk of complications from COVID-19 infection.").[1] Moreover, the

---

[1] When the medical conditions cited by Defendant have contributed to a finding of extraordinary and compelling reasons, they have been accompanied by other, more severe COVID-19 risk factors. *See, e.g.*, *United States v. Drones*, 2021 WL 6063238, at *3 (D. Conn. Dec. 22, 2021) (finding extraordinary and compelling reasons where, in addition to shingles and asthma, the defendant had health

4

court notes that Defendant has received three COVID-19 vaccines (ECF No. 146-1 ("Def.'s Mot., Ex. A") at 8)[2] and that there are eight active cases of COVID-19 at Defendant's facility, FPC Alderson, as of October 6, 2022. *See* https://www.bop.gov/coronavirus/. Under these circumstances, the court finds that Defendant has failed to carry her burden of demonstrating an extraordinary and compelling reason for compassionate release based on her health conditions.

Defendant also argues that extraordinary and compelling reasons exist due to the serious health issues of her elderly parents, which the court fully considered at sentencing. (Def.'s Mot. at 3; Def.'s Mot., Ex. A at 10-12.) "When sufficient evidence is presented that a family member is completely unable to care for themselves, the illness of that family member can rise to the level of an extraordinary and compelling reason for release if the defendant would be the *only* available caregiver." *United States v. Sanchez*, 2022 WL 4298694, at *3 (S.D.N.Y. Sept. 19, 2022). As the court recognized at sentencing, Defendant's elderly parents

---

conditions including obesity, cirrhosis, solitary kidney, depression, anxiety, latent tuberculosis, periodontic disorder, gallstones, liver disease, ventral hernia, platelet disorder, and a kidney infection); *United States v. Greene*, 516 F. Supp. 3d 1, 23 (D.D.C. 2021) (Jackson, J.) (finding extraordinary and compelling reasons where, in addition to shingles, the defendant was 72 years old and had hypertension, dermatitis, abdominal hernia, and severe urinary incontinence); *Hamlett*, 2021 WL 406440, at *8 (collecting cases granting compassionate release where a defendant's "respiratory conditions . . . especially when taken alongside other COVID-19 risk factors, satisfied the extraordinary and compelling prong").

[2] The record does not address whether Defendant has had the shingles vaccine or whether it is available from BOP.

5

suffer from numerous serious health conditions that leave them unable to care for themselves. (Sentencing Tr. at 39-40.)

Defendant has not presented sufficient evidence, however, that she is the *only* available caregiver for her parents. Specifically, Defendant has two adult daughters who are 22 and 24 years old, one of whom attends law school in the New York area. (*See* Def.'s Mot. at 3; Sentencing Tr. at 15.) Although the court appreciates that "the external commitments of [Defendant's] family members might make caretaking difficult, that is merely the inevitable circumstance[] families face when a family member is incarcerated, not an extraordinary and compelling reason to reduce a sentence." *Sanchez*, 2022 WL 4298694, at *3 (quotations and citation omitted). Indeed, the court initially set a surrender date of July 6, 2022 – two months after sentencing – so that Defendant would have sufficient time to make arrangements for the care of her parents, and thereafter extended the surrender date until September 1, 2022 for similar reasons. (Sentencing Tr. at 46; 7/3/22 Minute Order.) If Defendant had surrendered during the summer, as initially ordered, it is more likely that her adult children – who are students – would have been able to care for their grandparents during Defendant's incarceration with minimal disruption. In short, the court also finds that Defendant has failed to show an extraordinary and compelling reason for compassionate release based on the health of her elderly parents.

6

Finally, even if Defendant had satisfied the exhaustion requirement and demonstrated extraordinary and compelling reasons, the court concludes that the Section 3553(a) factors – most significantly – weigh against granting compassionate release. "[A] compassionate release motion is not an opportunity to second guess or to reconsider the sentencing court's original decision." *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020) (quotations and citation omitted). At sentencing, the court fully considered Defendant's request for a non-custodial sentence and expressly noted that the health conditions of Defendant's parents "weigh[ed] heavily" on the court in reaching an appropriate, well-below-Guidelines sentence. (Sentencing Tr. at 40.) Ultimately, however, the court concluded that several Section 3553(a) factors – including the seriousness of Defendant's offense and the need to deter both her and others from committing health care fraud – weighed in favor of a three-month custodial sentence. (*See id.* at 44-45, 50.) In the four months since Defendant's sentencing, "the court's view regarding the defendant's sentence has not changed." *United States v. Ruiz*, 2022 WL 493389, at *4 (E.D.N.Y. Feb. 16, 2022) (Bianco, J., sitting by designation).

In the context of compassionate release motions, the Section 3553(a) inquiry "often involves assessing the proportion of a defendant's stated sentence yet to be served." *United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021). Because Defendant

7

has served just over one-third of her three-month custodial sentence, the court concludes that granting compassionate release would be inconsistent with several Section 3553(a) factors, including the need for Defendant's sentence to provide just punishment, reflect the seriousness of the offense, promote respect for the law, protect the public and publicly funded health care programs, and deter Defendant and others. 18 U.S.C. § 3553(a)(2)(A)-(C); *see also, e.g.*, *United States v. Sanchez*, 2021 WL 1535256, at *3 (S.D.N.Y. Apr. 19, 2021) ("The Court cannot conclude that a sentence roughly one-third of that which it found to be the lowest reasonable one [at sentencing] accords with the important interests undergirding the § 3553(a) factors."). Accordingly, despite Ms. Golfo's sympathetic and difficult circumstances, for which she was afforded time to prepare in advance of sentencing, the court continues to find that a three-month custodial sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. Thus, the Section 3553(a) factors also weigh against granting compassionate release.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release is respectfully DENIED.

SO ORDERED.

|  |  |
|---|---|
|  | /s/ Kiyo A. Matsumoto |
|  | Hon. Kiyo A. Matsumoto |
| Dated: October 6, 2022 | United States District Judge |
| Brooklyn, New York | Eastern District of New York |

9